WILSON *v.* SOUTHERLAND.

[No. 18,091. Filed June 4, 1952. Rehearing denied

September 17, 1952.]

*Ramsey & Ramsey* and *Shake & Shake,* both of Vincennes, for appellant.

*Horace A. Foncannon* and *Kimmel & Kimmel,* both of Vincennes, for appellee.

WILTROUT, J.—Appellee filed this action against appellant, seeking injunctive relief.

By this appeal appellant challenges the overruling of his demurrer to appellee's amended complaint and the sufficiency of the evidence to sustain the finding against him.

The complaint alleges that appellee owns a specifically described part of Lot 121 in Division "B" of the Vincennes Commons Land; that appellant owns and is in possession of a specifically described part of Lot 140; that appellant's real estate lies adjacent to the dividing line between Lots 121 and 140; that on May 20, 1949, appellee "started to erect a fence along his south property line being the south line of Lot 121 . . . and was at said time erecting an ornamental post at approximately eighteen (18) feet southwest of the southeast corner of Lot 121 and within

the boundary lines of plaintiff's real estate described above when the defendant ordered and directed him to cease the erection of the said fence and post and did thereupon tear down and destroy the said post which plaintiff was then and there erecting; that at said time and place, said defendant told his plaintiff that he would tear down and destroy any fence or post which plaintiff would erect or attempt to erect along said line." It is further alleged that the ornamental post and fence which appellee was starting to erect was on his own real estate and within the boundary lines of his real estate; that appellant has erected a dwelling house within five feet of appellee's south property line and has constructed tile drains from the down spouts onto appellee's land; that appellant constructed a terrace and extended the same onto appellee's land and planted an ornamental hedge on appellee's land; that there is no adequate remedy at law; that appellee will suffer irreparable injury and damage unless appellant be enjoined. The prayer is that appellee's right to erect posts and a fence along the south line of the real estate be declared by the court; that appellant be perpetually enjoined from interfering with the erection of said posts and fence or from tearing down and destroying the same after they have been erected; that appellant be enjoined from interfering with appellee in the erection of said line fence or the free use of his said land; that appellant be ordered to remove the drains, terrace and hedge fence from appellee's lands.

The court adjudged that appellee was the owner and entitled to the possesion of the land described in his amended complaint; that he is entitled to an injunction against appellant from further interference with appellee's peaceable possession of said real estate and

from discharging rain water thereon. Appellant was granted twenty days to remove his property and structures from appellee's land.

The first point appellant urges is that the complaint is insufficient in failing to allege that appellee was in possession of his real estate. This alleged defect was not specified in the memorandum of the demurrer and was therefore waived. Burns' 1946 Replacement, § 2-1007. "The insufficiency must be pointed out specifically; general terms will not suffice." Flanagan, *Indiana Pleading and Procedure*, 201, §145, 5(b).

Appellant also urges that the complaint affirmatively shows, not directly, but by inference, that the location of the line separating the properties of the parties was in dispute; that the action is primarily for the purpose of securing possesion of real estate; that there is therefore an adequate remedy at law and injunction will not lie. We do not so construe the language of the complaint.

Following the overruling of the demurrer an answer was filed. The second paragraph thereof alleges that more than fifty years ago appellant's and appellee's remote grantors erected a fence between their properties, which both accepted, agreed and recognized as the division and boundary line; that appellant's remote grantors have been in continuous, uninterrupted, open and peaceable possession of land lying south of such partition fence for more than fifty years.

Appellant says, "Appellant's second paragraph of answer and Appellant's evidence were not on the theory of adverse possession, but were upon the proposition that the old fence and the old fence line had been recognized, acquiesced in and acted upon by the owners as

the dividing line between the two properties and that such line thereby became the true boundary line regardless of the metes and bounds descriptions of the deeds. The elements of adverse possession are not involved here since the Appellant is not relying upon adverse possession. . . ."

The location of the line between the real estate of the parties based upon the metes and bounds descriptions of their deeds and as designated by a civil engineer, is not challenged.

The evidence is undisputed that there is part of an old fence or fence row on about half of the boundary line on the east, that part being farthest from the road in front of the properties, and that this fence or fence row is on the line as shown by the metes and bounds descriptions in the deeds. Much of the evidence is concerned with whether or not a fence formerly existed on that part nearest the road.

It appears from the evidence that there is an oak tree about 50 feet from the road, and about eight feet north of the line shown by the survey. There was evidence that at one time there was a wire fence attached to the tree, but the evidence on this subject, is in sharp conflict. There is evidence that there had not been a fence there for 35 or 40 years. There was a barbed wire which had become buried under the ground but no posts. This wire was on the line shown by the survey.

No evidence was submitted in support of the allegation of appellant's answer that his remote grantors' ever actually agreed as to the line between the properties or erected any building on the land the ownership of which appellant disputes.

"We are required to accept the evidence and legitimate inferences therefrom which are most favorable

to the decision of the trial court. Appellant's contentions as to the evidence are not supported by the record.

Appellant bases his further argument upon the provisions of Burns' 1949 Replacement, §30-202 concerning partition fences. The statute is not applicable to this case. The allegations of the complaint and the evidence are to the effect that the structure which appellee started to build was entirely within the boundaries of his own land. No question is involved concerning a partition fence.

No error is shown. Judgment affirmed.

NOTE.—Reported in 106 N. E. 2d 237.